**Tara SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71411.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2004.[*]

Decided Aug. 30, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Stephen J. Flynn, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOODWIN and TASHIMA, Circuit Judges.

MEMORANDUM [**]

Tara Singh, a native and citizen of India, petitions for review of the decision of the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Board of Immigration Appeals, summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination, based on Singh's demeanor and inconsistencies that went to the heart of his claim. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). The record does not compel the opposite result. *See Elias–Zacarias*, 502 U.S. at 483–84, 112 S.Ct. 812.

Because Singh did not testify credibly, he failed to establish eligibility for asylum. *See Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he also failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention Against Torture because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.